UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
2020 SEP 24 AM 4:11
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES OF AMERICA

CASE NO. 3:98-CR-336-J-25

v.

MICHEAL DELANCY 28495619
_____/

## MOTION FOR REDUCTION OF SENTENCE PURSUANT TO COMPASSIONATE RELIEF/FIRST STEP ACT UNDER 18 U.S.C. § 3582(c)(1)(A)(i) "EXTRAORDINARY AND COMPELLING REASONS"

**BACKGROUND:**

On or about April 1999, the defendant was charged in a (1) Count Indictment with conspiracy to Distribute Cocaine, Cocaine Base and Heroin all in violation of 21 U.S.C. 846 and 841(B)(1)(A).

Delancy proceeded to trial where he was ultimately found guilty. Thereafter Delancy was subsequently sentence to Life imprisonment. On appeal his sentence was affirmed in part and vacated in part, in light of the Supreme Court decision in **Apprendi v. New Jersey.** Delancy sentence was then reduced to a 30 year term of imprisonment.

**INTRODUCTION:**

Delancy now moves this Honorable Court for a reduction of his sentence and or Home Confinement pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) under the **FIRST STEP ACT**, which permits a sentencing court to grant such a motion where "**extraordinary and compeling reasons**" exist to warranted such a reduction and a reduction [would be] consistent with applicable policy statements issued by the Sentencing

Commission and the First Step Act. (FSA)   The policy statement applicable, in relevant part, that "**extraordinary and compelling reasons**" exist where a defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years <u>or</u> 75% of his term of imprisonment, whichever is less." **see; U.S.S.G. § 1B1.1 (cmt n.1(A).**

The Sentencing Commission also directs courts to consider whether the defendant poses "a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)," to the extent they are applicable . **see U.S.S.G. § 1B1.13**   The Commentary describes circumstances under which "extraordinary and compelling reasons" for reduction in sentence are deemed to exist, but the '**commentary does not suggest the list is exclusive.**'

Before the passage of the **FSA**, ONLY THE DIRECTOR OF THE Bureau of Prisons (BOP) could file a motion for compassionate release **section 603(b)** of the act modified 18 U.S.C. 3582(c)(1)(A). However, with the intent of increasing the use and transparency of compassionate release. **Pub. L. No. 115-391, 132 stat. 5194, at \*5239.** That section now provides that a sentencing court may modify a sentence either on motion of the director of BOP or upon motion of the defendant after **[he/she]** has fully exhausted all administrative rights to appeal, a failure of the [BOP] to bring a motion on his behalf or **lapse or 30 days** from receipt of such a request by the warden of the defendant's facility the defendant may bring forth the motion. 18 U.S.C. § 3582(c)(1)(A).[1]

---

(1) As on note, recently over the past few months the BOP has on several occasions incorrectly represented the status or inmates exhaustion efforts.

On July 15, 2020, Delancy submitted his request for compassionate release and/or home confinement to the warden here at Coleman (medium) facility, and as of August 31, 2020 his request has yet to be responded to. The **lapse of 30 days has surpassed** and Delancy has no receipt for the Warden or the case manager of the status of the request. <u>This Court now has jurisdiction and authority to address the motion on the merits.</u> see; United States v. Burnside, 2020 WL 3443944, at *6 (N.D. Iowa June 18, 2020)(In contrast, other courts have found the lapse of 30 days sufficient regardless of a warden's denial and have cited the plain language of section of 3582(c)(1)(A). also; United States v. Gomez, 2020 WL 2061537, at *2 (S.D. Tex. Apr. 29, 2020)(Courts around the country, including the fifth circuit, have noted that the exhaustion requirement <u>can be waived</u> during the ongoing COVID-19 pandemic due to "extraordinary and compelling reasons.") see: ATTACHMENT (A)

## JURISDICTION:

The compassionate release statue was first enacted as part of the Comprehensive Crime Control Act of 1984. It provided that a district court could not modify a final term of imprisonment except in four situation, one of which was the existence of "Extraordinary and Compelling reasons" warranting a reduction, as determined by the sentencing court.

Although the courts have the final decision making authority over whether a sentence would be reduced, the statute imposed a gate keeper that authority could be invoked only upon a motion by the BOP, without such a motion sentencing courts were powerless to reduce a prisoner's sentence, even if the court concluded that "extraordinary and compelling reasons" warranted the reduction. 18 U.S.C. §3582(c)(1)(A), see also; PL-98-473(HJR-648) PL-98-473, 98 stat. 1837 (Oct. 12, 1984).

That changed when Congress enacted the (FSA), which amended § 3582(c)(1)(A). see; PL 115-391, 132 stat. 5194, at 603 (Dec. 21, 2019). Under the amended statute, a court can now reduce a sentence for "extraordinary and compelling

3

reasons" in two circumstance; (i) if the Director of BOP files a motion requesting such relief; or (ii) upon motion of the defendant" if the defendant has fully exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if 30 days has lapsed from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier. 18 U.S.C. §3582(c)(1)(A). see also; United States v. Cantu, No. 1:05-CR-458-1, 2019 WL 2498923, at *3 (S.D. Tex. June 17, 2019)("under the amended § 3582(c)(1)(A) defendant has standing to bring this motion becuase more than 30 days elapsed between his reduction in sentence request to the warden and a response.) United States v. Cantu-Rivera, NO. CR-H-89 204, 2019 WL 2578272, at *1 (S.D. Tex. June 24, 2019)("defendant's petition meets the requirements of a lapse of 30 days from the receipt by the warden of the defendant's facility...)

### (A). CONGRESS DID NOT LIMIT "EXTRAORDINARY AND COMPELLING REASONS" TO A SPECIFIC ENUMERATED SET OF MEDICAL AND AGE RELATED CIRCUMSTANCE

Congress did not define what would constitute an "extraordinary and compelling reasons" warranting a reduction of a sentence under § 3582(c). Indeed, the legeislative history confirms that it intended to grant federal sentencing court board discretion to make those determinations on a case by case basis and to reduce fundamentally unfair sentences where such reasons exist.

Congress initial goal in passing the Comprehensive Crime Control Act was to abolish federal parole and create a "completely restructured the guidelines sentencing system." S.Rep. No. 98-225, at 52,53 n.74 (1983). But with the elimination of parole as a corrective measure in case where early release is warranted, congress recognized the need for an alternative review process. It therefore allowed for judicial reduction of certain sentences under § 3582(c) thecommittee believes that there may be unusual cases in which an eventual reduction in the length of term of imprisonment is justified by change in

circumstance. These would include cases of serve illness, cases in which other extraordinary and compelling circumstances justify a reduction of an unusually long sentence, and some cases in which the sentencing guidelines for the offenses of which the defendant was convicted have been later amended to provide a shorter term of imprisonment. **Id. at 55-56 (emphasis added)**

Put differently, rather than having the parole commission review every federal sentence, Congress decided to let sentencing Courts decide, in a far narrower band of cases presenting extraordinary and compelling circumstances, if 'there is a justification for reducing a term of imprisonment.' **Id. at 56**

The situation listed in § 3582(c) were thus intended to serve as "safety valves for modification of sentence" enabling sentencing reduction when justified by factors that previously could have been addressed through the **(now abolish)** parole system. **Id. at 121**

This approach was intended to keep **"the sentencing power in the judiciary where it belongs"** rather than with a federal parole board, and permitted in a later review of sentences in particularly compelling situations on Courts authority to make such determinations, declining to define what constitutes "extraordinary and compelling reasons" or to otherwise constrain judges were present; they would 'justify a reduction of an unusually long sentence. **S. Rep., No. 98-225, at 55-56 (1983).**

In light of this reality, **courts around the country** have recognized that the risk of COVID-19 to people held in jails and prisons is "significantly higher than in the coummunity, both in terms of risk of transmissions, exposure and harm to individuals who become infected." see: <u>Basank v. Decker</u>, F. Supp. 3d 2020 WL 1481503, at *3 (S.D.N.Y. Mar. 26. 2020) also; <u>United States v. Harris</u>, F. Supp. 3d WL 1500344, at *7 (D.D.C. Mar. 27, 2020) It is this backdrop that Delancy now seeks compassionate release and/or home confinement.

**DISCUSSION:**

Delancy moves for reduction of sentence and/or home confinement pursuant to 18 U.S.C. 3582(c)(1)(A) which permits a sentencing court to grant such a motion whre "extraordinary and compelling reasons" warrant such a reduction "and" a reduction [would be] consistent with applicable policy statements issued by the sentencing commission.

**(B). MEDICAL CRITERIA FOR REDUCTION SENTENCE AND/OR HOME CONFINEMENT**

The Court should first find whether Delancy meets the medical criteria for a reduction in sentence and/or home confinement. Delancy contends the BOP her is unable to provide proper medical aid to high risk inmates or inmates in general in an approiate manner which aligns with CDC protocols. The COVID-19 outbreak just recently here at FCI Coleman (medium) where Delancy is house demonstrates this, specially Delancy's unit was part of such outbreak, his unit has approximately 130 inmates in which 45 of those were showing symptoms of the covid virus and/or tested positive, some were even hospitalize. There are twelve units only 3 have been tested as of to date. This presents a serious problem for Delancy whom has a multitude of ailments including but limited to **High Cholesterol, High Blood Pressure, Pre-Diabetes, Hypertension, Hepatitis B,** and a **weaken Heart condition, Tyroid,** not to mention the deterioration in his **knees, legs** which swell on a daily basis and confines him to his cell.

Delancy is **66 years old** and is on a host of medication, he has already on **two separate** occasions had to be remove from the facility to the local **ER** for heart pains. Delancy has been incarcerated since he was 43 years old.

Further, this facility houses some more than 1450 inmates and cases are still rampant, as some inmates are asymptomatic. These issues here are well documented as there has already been numerous fatallies. Due to Delancy's deterioration of health due to age he is at high risk with all his ailments, he would surely satisfy this criteria's requirement. **United States v. Jackson**, 2020 WL 1955402, at *4 (S.D. Tex. Apr. 23, 2020)("High vulnerability to COVID-19 amounts to "extraordinary and compelling reasons"for reducing sentencing pursuant to 18

6

U.S.C. § 3582(c)(1)(A)(i)") also; <u>United States v. Atkinson</u>, 2020 WL 1905485, at *3 (D.Nev. Apr. 17, 2020)(The presence of COVID-19...necessitates a more expansive interpretation of what self-care measn" to include covid vulnerability coupled with the inability to practice CDC recommended procedures to safeguard against transmissions.)

### (C). <u>DANGEROUSNESS:</u>

The Court next considers whether Delancy presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). see; U.S.S.G. § 1B1.13(2) factors relevant to this inquiry include (1) the nature and circumstances of the offenses of conviction; (2) the weight of the evidence; (3) the defendant's history and characteristics; (4) the nature and seriousness of the danger posed by the defendant's release. see 18 U.S.C. § 3142(g)

Applying these factors in this case, the Court can conclude that Delancy's offense was that of a **non-violent** nature as he was convicted of a drug conspiracy where there was no loss of life nor <u>any</u> seriously bodily injury to a person or another. **Next,** Delancy conviction was that of no drugs merely testimony and Delancy has **no extensive** criminal history nor does he have any history of violence involving similar offenses.

**Lastly,** Delancy does not pose a danger to the community or any other person upon release or home confindment. Moreover, due to Delancy deteriorating health and physical condition he would not pose any threat to the community or person[s]. Delancy also has a term of supervise release where he would still be in the care of DOJ and monitored. Delancy has met the aforementioned requirements for consideration.

### (D).   "<u>EXTRAORDINARY AND COMPELLING REASONS WARRANT REDUCTION IN DELANCY SENTENCE</u>

Giving the inadequate medical care here at FCI Coleman Medium and the

7

increase exposure at the institution, compounded with Delancy's age and health condition, the presents of COVID-19 at the facility demonstrates that Delancy deserves a reduction of sentence and/or home confinement. The **COVID-19 pandemic presents an "extraordinary and compelling reasons"** for a reduction of sentence.

**Delancy's increase exposure to the virus could easily terminate his life if contracted, Delancy was given a 30 year term of imprisonment for a non-violent crime, not a death sentence nor does he deserve one here.** United States v. Harper, 2020 WL 2046381, at *3 (W.D. Vir. Apr. 28, 2020)(In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons" for compassionate release, when an inmate shows both a particularized susceptibility to the disease and particularized risk of contracting the disease at his facility.) also see; United States v. Lewellen, 2020 WL 2615762 (N.D.ILL. May 22, 2020)(**64 years old severe obesity, atrial fibrillation, hypertension and 18 year sentence for drug trafficking.**) Delancy would satisfy these requirements for relief and/or home confinement.

(E). **THE REMAINING CRITERIA FOR REDUCING THE LENGTH OF DELANCY'S SENTENCE WEIGH STRONGLY IN HIS FAVOR AND/OR HOME CONFINEMENT**

In determining whether Delancy's sentence should be reduced, this court has board discretion in making it's decision if a reduction is warranted. The court can look to the factors outlined in **18 U.S.C. § 3553(a).** All these factors weigh strongly in favor of relief in Delancy's case.

(1) **THE RELEVANT § 3553(a) FACTORS:**

Delancy asserts that under the laws today he would not receive the same sentence, as Congress now deems unwarranted. Delancy has served 70% of his term of imprisonment (21 years) has no significant BOP Code Violation, and the punishment he received was sufficient to deter future misconduct and the sentence met the **'Ends of Justice'.** Any prolong incarceration for Delancy would be unreasonable.

Delancy, programs as much as his medical condition allows him (as far as moving around) and he continues to do so as of this date.

It has been established by U.S.S.G. "The Effects of Aging and Recidivism Among Federal Offenders, pg. 30 (Dec. 2017) available at http://www.gov/sites/default/files/pdf/research-and-publication/research-publication/2017/20171207/Recidivism-Age.pdf/.

With the passage of the FSA Congress emphasized the imperative of reducing unnecessary incarceration and avoiding unduly punitive sentences that do not serve the 'Ends of Justice' <u>United States v. Simons</u>, No. 07-CR-00874, 2019 WL 1760840, at *8 (E.D.N.Y. Apr. 22, 2019)

## CONCLUSION

Delancy believes he has demonstrated in good faith that he warrants a reduction of sentence and/or home confinement and this Honorable Court now has board discretion to entertain the issues herein. Delancy has met all the criteria's and requirements under the FSA and 18 U.S.C. §3582(c), and pray's this Honorable Court grants his motion.

## CERTIFICATE OF SERVICE

I hereby certify that on the 15 day of August 2020, a true and correct copy of the foregoing has been sent to the clerk' office and AUSA.

*Michael Delancy 28495-018*
*9-25-2020*
DATE

Respectfully Submitted,

*Michael Delancy 28495-018*
Michael Delancy #
FCI COLEMAN (MEDIUM)
PO BOX 1032
COLEMAN, FL. 33521-1032

9