**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**(Jacksonville)**

UNITED STATES OF AMERICA,   CASE NO. 3:98-CR-00336-HLA-JBT-1

      Plaintiff,

vs.

MICHAEL KEITH DELANCY,

      Defendant.
_____/

**DEFENDANT, MICHAEL KEITH DELANCY'S
REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE AND REDUCTION OF SENTENCE TO TIME-SERVED
WITH HOME-CONFINEMENT AND ELECTRONIC MONITORING IMPOSED AS
SPECIAL CONDITIONS OF SUPERVISED RELEASE**

      **COMES NOW** the Defendant, **MICHAEL KEITH DELANCY,** by and through his undersigned counsel, and presents herewith, his Reply to the Government's Response to Defendant's Motion for Compassionate Release and for Reduction of Sentence to Time-Served with Home-Confinement and Electronic Monitoring Imposed as Special Conditions of Supervised Release, and states as follows:

      1.    On January 13, 2021, the Defendant filed his Motion for Compassionate Release and for Reduction of Sentence to Time-Served with Home-Confinement and Electronic Monitoring Imposed as Special Conditions of Supervised Release. [D.E. 482]

      2.    On January 21, 2021, the Government filed its Response to Defendant's Motion for Compassionate Release and for Reduction of Sentence to Time-Served with Home-Confinement and Electronic Monitoring Imposed as Special Conditions of Supervised Release. [D.E. 483]

      3.    In reply to the Government's response, the Defendant would first point out the significant misstatement of the relief the Defendant is actually seeking contained in the

Government's very first introductory paragraph, where it is stated, "The United States, hereby files its response to defendant Michael Keith Delancy's ("Delancy") motion for compassionate release *or resentencing to home confinement*, based on alleged medical conditions in conjunction with concern for COVID-19 (Doc. 482, hereinafter, the "instant motion")." (<u>Emphasis supplied</u>.)

Specifically, the Defendant is seeking, "compassionate release and reduction of sentence to time-served with *Home-Confinement and Electronic Monitoring Imposed <u>as Special Conditions of Supervised Release</u>*." (<u>Emphasis supplied</u>.)

The Defendant is not seeking a resentencing to home-confinement, but is seeking home-confinement and electronic monitoring imposed as special conditions of supervised release, which this Court certainly has the authority to do.

4. Additionally, much of the case law cited in the Government's response does not encompass the latest interpretations of the law as to what may be considered by the Court as "extraordinary and compelling circumstances" since the enactment of the First Step Act, etc. The most recent cases are cited and discussed in the Defendant's motion.

5. With regard to the Defendant's medical conditions, the Defendant's motion goes into considerable detail in discussing the Defendant's medical conditions, to wit: Hypertension, Occlusion and Stenosis of Carotid Artery (40%), Chronic Hepatitis C, Hyperlipidemia, Cardiac Arrhymia (Bradycardia), Prediabetes, Edema; Osteoporosis, and is overweight (BMI of 29.6).

It is respectfully submitted that these medical conditions constitute "extraordinary and compelling" reasons for compassionate release and a reduction of his sentence to time-served, so that the Defendant may commence his term of supervised release with home-confinement and electronic monitoring imposed as special conditions. Further, in light of the Defendant's age (66) these medical conditions are all the more compelling.

Additionally, it should be noted that nowhere in the Defendant's motion does the Defendant assert that COVID-19 *alone* is an "extraordinary or compelling" reason for compassionate release, therefore the Government's discussion in its response in that regard is quite superfluous.

6. The Government's argument in its response that the "BOP has responded and continues to respond appropriately to COVID-19," is contrary to the facts.

Specifically, the BOP's "action plan" and "protocols" are clearly not effective to stem the onslaught of the Covid-19 virus at its facilities. According to the Federal Bureau of Prisons on-line Covid-19 resource page, as of January 28, 2021 "[t]here are 3,118 federal inmates and 1,785 BOP staff who have confirmed positive test results for COVID-19 nationwide. Currently, 42,596 inmates and 4,287 staff have recovered. There have been 209 federal inmate deaths and 3 BOP staff member deaths attributed to COVID-19 disease. Of the inmate deaths, 4 occurred while on home confinement."

7. Respectfully, it is somewhat peculiar how the Government argues that, "For all of these reasons, *the BOP remains in the best position to treat and manage Delancy's conditions*, even in the midst of the COVID-19 pandemic. Delancy's BOP medical records reveal that he has been monitored and is being treated for his conditions … *Delancy cannot demonstrate that he would be any safer from potentially re-contracting the virus outside of his facility*." (Emphasis supplied.)

8. At page 21 of the Government's response, the Government states, "Home confinement is at the discretion of Delancy's facility." However, in making that argument the Government states, "In imposing a term of supervised release, *the court may impose a period of home confinement as a condition of supervised release,* provided that the court finds that home

3

confinement is a "substitute for imprisonment." USSG §5F1.2; *see* 18 U.S.C. § 3583(d) … Because Delancy's request for resentencing cannot be considered, it remains that *this Court has no authority to direct the BOP to place Delancy in home confinement* and he still does not qualify for compassionate release in order for the Court to have reason to resentence him."

The above language is contradictory at best. First, they say "*the court may impose a period of home confinement as a condition of supervised release,*" then they say "*this Court has no authority to direct the BOP to place Delancy in home confinement.*" Nowhere is the Defendant seeking to have the Court *"direct the BOP to place Delancy in home confinement."*

9. In its response the Government argues that, "Even if Delancy could establish an extraordinary and compelling reason for release, the applicable § 3553(a) factors weigh strongly against it." In making that argument, the Government states, "Assuming *arguendo* that Delancy had exhausted his administrative remedies [which the Government conceded in its response] and provided a meritorious basis for relief, he has still not met his burden of establishing eligibility for early release. This Court must deny release unless it determines Delancy "is not a danger to the safety of any other person or to the community." USSG §1B1.13(2). Additionally, this Court must consider the section 3553(a) factors, as "applicable," as part of its analysis. (citations omitted)." The Government concludes, "Here, Delancy has not met his burden of establishing eligibility, and the section 3553(a) factors weigh strongly against granting him compassionate release."

It is respectfully submitted that the Government's position in this regard overlooks the fact that Michael Delancy is now sixty-six (66) years of age, after having been incarcerated since April 21, 1999, thereby serving approximately 260 months of his 360 month sentence. (As noted above, the Defendant has another sixty (60) months left to serve upon his sentence according to the BOP online calculation.)

Further, the Government overlooks the fact that, when looking at the §3553(a) factors, the United States Supreme Court in *Pepper v. United States,* 131 S.Ct. 1229 (2011), stated that it was *reasonable to examine a defendant's conduct and activities while he or she has been incarcerated.* In other words, his post-sentencing rehabilitation.

In the case of Michael Delancy, he has no significant incident reports and has dutifully performed his work assignments while incarcerated. Additionally, according to his BOP "Individualized Needs Plan – Program Review," the Defendant has engaged in many self-improvement classes and activities, such as: physical fitness/health education; weight loss class; field maintenance; driver's license courses; he completed a responsible thinking course and received a Certificate of Achievement; RPP personal growth class; he has received a Commercial Driver's Training Certificate; disease prevention; accounting class; consumer economics; job interviewing; resume writing class, and attended GED classes. Therefore, the §3553(a) factors support the relief the Defendant is requesting of this Honorable Court.

With regard to the Defendant (age 66) not being a danger to the safety of any other person or to the community, as noted in the Defendant's motion, the Unites States Sentencing Commission issued a report December of 2017 entitled, "The Effects of Aging on Recidivism Among Federal Offenders." By way of summary, the report concluded, "Older offenders were substantially less likely than younger offenders to recidivate following release. Over an eight-year follow-up period, 13.4 percent of offenders age 65 or older at the time of release were rearrested compared to 67.6 percent of offenders younger than age 21 at the time of release. The pattern was consistent across age groupings, and recidivism measured by rearrest, reconviction, and reincarceration declined as age increased."

[https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf]

10. The within Reply to the Government's Response to Defendant's Motion for Compassionate Release and for Reduction of Sentence to Time-Served with Home-Confinement and Electronic Monitoring Imposed as Special Conditions of Supervised Release is filed in the utmost of good faith and in the interest of justice.

**WHEREFORE**, Defendant, **MICHAEL KEITH DELANCY**, again respectfully prays that this Honorable Court enter its order granting the within Motion for Compassionate Release and for Reduction of Sentence to Time-Served with Home-Confinement and Electronic Monitoring Imposed as Special Conditions of Supervised Release.

Respectfully submitted,

Adam K. Goodman, Esq.
Law Offices of Adan K. Goodman, PLLC
4160 West 16 Avenue, Suite 404
Hialeah, Florida 33012-5853
Telephone: (305) 482-3265
Cell: (954) 695-5126
E-mail: adam@adamgoodmanlaw.com
(Counsel for Defendant, *Michael Delancy*.)

*/s/ Adam K. Goodman*
Adam K. Goodman, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 29th day of January, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Adam K. Goodman*
Adam K. Goodman, Esq.

**SERVICE LIST**

**United States of America v. Michael Keith Delancy**
**Case No. 3:98-CR-00336-HLA-JBT-1**
**United States District Court, Middle District of Florida**

Julie Hackenberry, Assistant United States Attorney
Office of the United States Attorney
300 N Hogan St
Jacksonville, FL 32202
Telephone: (904) 301-6300
Email: julie.hackenberry@usdoj.gov
CM/ECF